# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO.: 7:20-CV-213-D

| | |
|---|---|
| SERENA L. GATES, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>ROBERT "BOBBY" PITCHFORD, )<br>JAMES ANTHONY MOBLEY )<br>and F3EA, INC., )<br>)<br>Defendants. )<br>) | **CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER** |

Pursuant to the Joint Motion of Plaintiff Serena L. Gates ("Plaintiff"), and Defendants Robert Pitchford, James Mobley, and F3EA, Inc., (collectively, "Defendants," or collectively with Plaintiff, the "Parties"), requesting that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, personal or competitively sensitive information that may be exchanged in connection with discovery in this action. Having reviewed the Motion and the parties' proposed Order, and finding good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order will adhere to the following terms:

1. **Applicability of Order**. This Protective Order applies to the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties joined in or providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order, for the sole purpose of facilitating discovery and the conduct of hearings in this case. This Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing,

or referred to in any trial or any hearing on the merits of this case, save and except a hearing that involves issues related to the enforcement of any provision of this Protective Order.

2. **<u>Use of Confidential Information</u>**. All Confidential Information, as defined herein, produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and any appeals thereto and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

3. **"<u>Confidential Information</u>."** For the purposes of this Protective Order, "Confidential Information" means any information of any type and of any character that is designated as "Confidential" or "Confidential — Attorneys' Eyes Only" in the manner specified in this Protective Order by the party supplying or receiving the information and discloses: (i) non-public business or financial information; (ii) any medical records or health related information regarding any individual; (iv) individuals' personal information not available to the public, including telephone numbers, email addresses, home addresses, and other personal, financial, or intimate information of any type; (v) personnel information and documents not related to Plaintiff; or (vi) any other category of information to which this Court subsequently affords confidential status (the "Confidential Information"). Information may only be designated "Confidential - Attorneys' Eyes Only" if it is so sensitive that its dissemination deserves even further limitation because its disclosure to parties or representatives of parties is likely to significantly harm the disclosing party's competitive position, or would contravene an obligation of confidentiality to a third person or to a Court.

4. **<u>Good Cause</u>**. The Court finds good cause to treat information relating to the foregoing categories of information as confidential. Further, good cause exists to extend the protections of this Order after the conclusion of this litigation.

5. **Materials Containing Confidential Information**. Confidential Information may be contained in documents produced in discovery, deposition testimony and exhibits, initial disclosures, interrogatory answers, responses to requests for admission, responses to any other discovery requests, exhibits, data compilations, electronic data, information derived directly therefrom, and any other type of information produced or disclosed in the course of discovery in this action.

6. "**Qualified Persons.**" Only "Qualified Persons" as defined herein and officers of the Court[1] may be provided "Confidential Information" stamped "Confidential" and even then, only for purposes of this litigation. In addition, only Qualified Persons in Paragraphs 6(a-b) and (e-g) may be provided Confidential Information stamped "Confidential — Attorneys' Eyes Only." All Qualified Persons, except those in Paragraph 6(a), must sign an acknowledgement in the form of Exhibit "A" attached hereto. Such signed acknowledgments shall be retained by counsel and may be provided to opposing counsel at the conclusion of this litigation upon the reasonable request of any Party. "Qualified Persons" as used herein means:

    a. Attorneys of record (including in-house counsel for the Parties who are charged with responsibility for and are actively engaged in the litigation of this matter) and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    b. Actual or potential independent experts or consultants who have signed an acknowledgement in the form of Exhibit "A" attached hereto. As used herein, a consultant or expert includes persons who have not been designated to testify at trial and whose

---

[1] Court personnel, reporters, and persons operating audio-visual equipment for depositions, hearings, or trial need not sign a written agreement to be bound by the terms of this Protective Order but will be considered as officers of the Court to be bound. The party noticing any deposition will provide a copy of the Protective Order to any reporter or person operating audio-visual equipment in advance of the deposition.

opinions or work product have not been reviewed by any expert who has been designated to testify at trial. Any materials produced in this litigation that are provided to Qualified Persons under this Paragraph shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents;

  c. Any individual party, and the directors, officers, employees, in-house counsel, and agents of any parties that are legal entities or their parents, subsidiaries, affiliates, and successors, who assist in the preparation and trial of this litigation and who, prior to any disclosure of "Confidential Information," has signed an acknowledgment in the form of Exhibit "A" attached hereto;

  d. Potential or actual fact witnesses who have signed an acknowledgment in the form of Exhibit "A" attached hereto or who testify in depositions or court proceedings as provided for below provided the Party who designated the information Confidential agrees to its disclosure as provided herein;

  e. Independent copy services, vendors, investigators or other individuals who are retained by any party to assist in the preparation of and trial of this litigation and who, prior to any disclosure of "Confidential Information," have signed an acknowledgement in the form of Exhibit "A" attached hereto;

  f. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints; and

  g. Any other person designated as a Qualified Person by mutual agreement of the parties or by order of this Court.

7. **Marking Confidential Information**. Information or documents produced in this action may be designated by any Party or Parties as "Confidential Information" by stamping or

otherwise clearly marking the protected portion in a manner that will not interfere with legibility or audibility as follows:

> CONFIDENTIAL PURSUANT TO COURT ORDER
> UNITED STATES DISTRICT COURT FOR THE
> EASTERN DISTRICT OF NORTH CAROLINA
> CIVIL ACTION NO. 7:20-CV-213-D

or, in the case of information designated as Confidential — Attorneys' Eyes Only:

> CONFIDENTIAL — ATTORNEYS' EYES ONLY PURSUANT TO COURT ORDER
> UNITED STATES DISTRICT COURT FOR THE
> EASTERN DISTRICT OF NORTH CAROLINA
> CIVIL ACTION NO. 7:20-CV-213-D

Failure to designate Confidential Information in the exact format above shall not be deemed a waiver of confidentiality if it is evident from the designation that the disclosing party intended to designate the material "Confidential" or "Confidential — Attorneys' Eyes Only."

8. **Paper Versions of Confidential Information**. For Confidential Information produced on diskettes, magnetic or electronic media, and other non-paper methods, only Qualified Persons and court reporters and vendors retained by a Party in this litigation may create paper versions of the media (by printing or other means) produced by the opposing Party. If said person prints or otherwise creates paper copies of the material that is designated as "Confidential," said person shall immediately mark such documents with the same designation as the electronic information prior to distributing such material.

9. **Copies of Documents**. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

10. **Duty Not to Disclose Confidential Information**. Confidential Information, including but not limited to documents, testimony, discovery responses, or audio or visual media

5

shall not be disclosed or made available by the receiving Party to persons other than Qualified Persons. Qualified Persons shall not disclose to others any Confidential Information received hereunder, including notes, memoranda, or other writings regarding the Confidential Information, except in accordance with this Protective Order, nor shall Qualified Persons disclose to others the substance of the contents or any summary of the Confidential Information in any form, except in accordance with this Protective Order. Such Confidential Information shall be used only for the purposes authorized by this Protective Order and the Qualified Persons are obligated to honor the confidentiality of the information even after the termination of this civil action. Further, if a Qualified Person fails to abide by the terms of this Protective Order, the Qualified Person will be subject to liability for such failure, with the Court to determine any appropriate remedy or remedies. The Qualified Person shall be subject to the jurisdiction of the Court to any proceeding to enforce this Protective Order.

11. **Confidential Information Disclosed in Depositions, Hearings, or Trial**. Information disclosed at (a) the depositions of a Party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a Party), or (c) at a hearing or trial in this litigation may be designated by any Party as Confidential Information by indicating on the record at the deposition, hearing, or trial that the testimony is "Confidential" or "Confidential — Attorneys' Eyes Only" and is subject to the provisions of this Protective Order, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order."

12. **Notice to Parties**. Any Party may also designate information disclosed at a deposition, hearing or trial as Confidential Information by notifying all of the Parties in writing

within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript that contain Confidential Information, which also shall automatically apply to any videotape of such deposition. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his or her possession, custody, or control. Confidentiality designations of deposition testimony shall be of specific pages and lines. Any deposition video so designated shall be prominently marked as "Confidential Information Governed by Protective Order," including without limitation by a watermark. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript from the court reporter. This shall not prohibit the furnishing of a copy of a deposition transcript to the witness whose deposition was taken. The time periods provided herein may be extended by written agreement of counsel. The time periods also may be shortened upon seven (7) days written advance notice by any Party of its intent to use portions of a specific deposition transcript in a Court filing, after which any other Party shall have five (5) days to designate specific portions of the deposition as confidential before the deposition transcript is filed.

13. **Court Reporter to Segregate**. To the extent possible, the court reporter shall segregate into separate transcripts information designated as confidential, with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

14. **Designation of Confidential Information Produced By Non-Parties**. Any Party may also, in good faith and in accordance with this Protective Order, designate as Confidential Information any information pertaining to that Party which is produced in this case by non-parties pursuant to requests for production, depositions on written questions or otherwise, by notifying all Parties in

writing within thirty (30) days after the production of such information, or thirty (30) days after the entry of this Protective Order as to any information provided prior to this Protective Order. All documents produced by non-parties shall be treated as "Confidential" for no less than a period of thirty (30) days after the production of such information, or thirty (30) days after the entry of this Protective Order. Any non-parties who produce documents or information in this case pursuant to requests for production, depositions on written questions or otherwise may also designate such documents or information as Confidential Information upon production or thirty (30) days after the entry of this Protective Order as to any information provided prior to this Protective Order. Upon receiving any such notices, all Parties shall mark each page of any documents or copies containing such information as Confidential and all such information shall be treated as Confidential Information hereunder unless such designation is otherwise successfully challenged by a Party.

15. **Inadvertent Disclosure of Confidential Information**. Each person who has access to information designated as Confidential pursuant to this Protective Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. The inadvertent or unintentional production or disclosure of discovery containing Confidential Information without being designated as confidential at the time of the production or disclosure shall not be deemed waiver in whole or in part of a Party's claim of confidentiality, either as to the specific discovery produced or as to any other discovery relating thereto or on the same related subject matter. Materials containing Confidential Information inadvertently or unintentionally produced without being designated may be retroactively designated in accordance with this Protective Order by notice in writing of such designation and identification by Bates number or page number in the case of deposition transcripts or affidavits, and shall be treated appropriately

8

Case 7:20-cv-00213-D   Document 29   Filed 02/04/22   Page 8 of 14

from the date written notice of the designation is provided to the receiving Party unless such designation is otherwise successfully challenged by a Party. Such notice of retroactive designation shall be made within ten (10) days of discovery that the producing Party inadvertently failed to so designate the material(s). To the extent that, prior to such notice, a Party receiving the material or information may have disclosed it to persons other than Qualified Persons pursuant to or otherwise consistent with this Protective Order, the Party shall not be deemed to have violated the Protective Order, but the Party shall make reasonable efforts to retrieve any material or information promptly from such person and to limit any further disclosure pursuant to this Protective Order, including having the persons to whom such inadvertent disclosure is made sign an acknowledgement in the form of Exhibit "A'' attached hereto.

16. **Use of Confidential Information**. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each Party designating the information as confidential consents to such disclosure or, if the Court, after notice to all affected Parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the material as being an author, source, or recipient of the Confidential Information, or prevent counsel of record from disclosing and reviewing Confidential Information with any person who is indicated on the material as being an author, source, or recipient of the Confidential Information, irrespective of which Party produced such information. Nothing herein shall limit in any way a Party's right to use or disclose its own Confidential Information for any purpose.

17. **Disclosure to Court Personnel of Confidential Information**. Confidential Information may be disclosed in any mediation or hearings of this case without any requirement that the mediator, Court, Court officials, those persons impaneled as potential jurors or those

9

Case 7:20-cv-00213-D    Document 29    Filed 02/04/22    Page 9 of 14

persons comprising the actual jury sign any written agreement to be bound by the terms of this Protective Order. Where appropriate, the Court may order those portions of the transcripts and referenced exhibits containing Confidential Information be sealed.

18. **<u>Disclosure to Witness</u>**. A witness may during a deposition or at any hearing or trial be examined concerning Confidential Information and shown documents and things containing Confidential Information, but any deponent or witness not otherwise authorized to have access to copies of documents or testimony containing Confidential Information shall not retain or copy portions of the transcripts of their depositions or testimony or any materials that contain Confidential Information not produced by them or the entities they represent except to the extent necessary for the witness to review, make any changes, and sign the deposition pursuant to Federal Rule of Civil Procedure 30(e).

19. **<u>Good Faith Designation of Confidential Information</u>**. Confidentiality designations shall be made in good faith and only when appropriate and authorized by this Protective Order.

20. **<u>Challenge to Designation</u>**. A Party shall not be obligated to challenge the propriety of a designation as confidential at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation by any designating Party of any information as confidential, or the designation of any person as a Qualified Person, the Parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting Party may seek appropriate relief in the form of an order from the Court, specifically removing the Confidential Information from the protection of this Protective Order. The Party designating information as Confidential Information shall bear

10

Case 7:20-cv-00213-D   Document 29   Filed 02/04/22   Page 10 of 14

the burden of demonstrating that the information so designated is, in fact, Confidential Information and that good cause exists for the information to be subject to this Protective Order.

21. **Filing Confidential Information With The Court**. In the event a Party wishes to use any Confidential Information in an affidavit, motion, brief, deposition transcript, memoranda of law, or other paper filed with the Court in this litigation ("Confidential Court Submission"), the Party must file a motion for leave to file said Confidential Court Submission under seal in accordance with Local Rule 79.2 and Section T of the Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual. The Parties agree that they will file under seal only when necessary.

22. **Responsibility of the Clerk**. The Clerk of this Court shall be requested to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" by a Party to this action.

23. **Requests for Confidential Information By Non-Parties**. Confidential Information shall not be disclosed or used by the receiving Party or Qualified Persons for purposes other than in connection with this case, except pursuant to such other order as made by this Court. If a recipient of Confidential Information pursuant to this Protective Order receives a demand, subpoena, notice, or other request to produce Confidential Information, or any summaries, notes, memoranda, indices, abstracts, descriptions or representations thereof, from an entity not expressly qualified to receive such information pursuant to this Protective Order, the recipient of such request shall immediately inform the Party that produced the Confidential Information by providing a copy of the request and any related information, and shall not provide any Confidential Information to the requesting entity until such time as the producing Party has advised whether they agree to or

oppose such disclosure, and if they oppose, until this Court or other governing body has issued a final ruling on whether such materials are required to be disclosed in response to the request. Nothing herein, however, shall be construed as requiring anyone covered by this Protective Order to disobey any final court order, subject itself to any penalties for noncompliance with any court order or seek any relief from this Court.

24. **Duty of Party**. Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

25. **No Waiver**. This Protective Order shall not be deemed a waiver of:

    a.    any Party's right to object to any discovery request on any ground;

    b.    any Party's right to seek an order compelling discovery with respect to any discovery request;

    c.    any Party's right in any proceeding herein to object to the admission of any evidence on any ground;

    d.    any Party's right to use its own documents and its own "Confidential" material in its sole and complete discretion; or

    e.    the status of any material as a trade secret.

26. **Survivability of this Order**. The provisions of this Protective Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation. This Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to the Protective Order as may be appropriate. Within thirty (30)

days of the conclusion of this litigation by way of final judgment or otherwise, counsel for the Parties shall meet and confer regarding any documents that counsel believes should not be subject to the confidentiality provision of this order. Any such document shall be identified by Bates number. In the absence of agreement, the issue shall be submitted to the Court upon motion of a Party.

27. **Termination of the Litigation**. Within sixty (60) days of the termination of this action and any final appeal(s) thereof, counsel for the Parties shall assemble and return to each other all documents, material and portions of deposition transcripts designated as "Confidential" and all copies of same. In lieu of returning such materials, counsel may, within sixty (60) days of the termination of this action and any final appeal(s) thereof, and, with agreement of the producing party that shall not unreasonably be withheld, provide written notification confirming that the materials have been destroyed.

28. **Privileged Information**. Any Party who produces material or information without intending to waive a claim of privilege does not waive that claim if within ten (10) days after the producing Party actually discovers that privileged material or information has been produced, the producing Party identifies the material or information produced and states the privilege asserted. If the privilege is thus asserted, the requesting Party must promptly return the specified material or information and any copies, summaries or extracts thereof.

29. **Exceptions by Stipulation**. The Parties may, by written stipulation, provide for exceptions to this Protective Order, and any Party may seek an order of this Court, modifying this Protective Order.

Dated: February 4, 2022

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 7:20-CV-213-D

| | |
|---|---|
| **SERENA L. GATES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| | ) |
| **ROBERT "BOBBY" PITCHFORD,** | ) |
| **JAMES ANTHONY MOBLEY** | ) |
| **and F3EA, INC.,** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ACKNOWLEDGEMENT AND DECLARATION
## TO BE BOUND BY PROTECTIVE ORDER

I,_____am employed by_____. I acknowledge that I have read the Confidentiality Agreement and Protective Order entered in this action and agree to be bound by its terms. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Confidential Information disclosed to me. At the conclusion of this action, I will return all materials containing Confidential Information, including documents and things which I have prepared containing Confidential Information, to the counsel for the party by whom I am employed or retained.

I,_____, declare under the penalty of perjury that the foregoing is true and correct.

DATED this_____day of_____, 2022.

14

Case 7:20-cv-00213-D   Document 29   Filed 02/04/22   Page 14 of 14